Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 7285 | **DATE** | 12/4/2001 |
| **CASE TITLE** | LaSharr Lawrence vs. Shane Walters et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ■ Status hearing set for 12/12/2001 at 9:45 A.M..
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] **ENTER MEMORANDUM OPINION:** Defendant's motion (Doc 27-1) to dismiss is denied. Lawrence may proceed with his excessive force claim.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | 4 | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | DEC 05 20 date docketed | 31 |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | FOR DOCKETING 01 DEC -4 PM 3:23 | 12/4/2001 date mailed notice | |
| SCT | courtroom deputy's initials | Date/time received in central Clerk's Office | SCT mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

LaSHARR LAWRENCE,            )
                             )
         Plaintiff,          )
                             )
    vs.                      )    00 C 7285
                             )
SHANE WALTERS, et al.,       )
                             )
         Defendants.         )

## MEMORANDUM OPINION

CHARLES P. KOCORAS, District Judge:

This matter is before the court on the Defendants' Leonardo Lucas ("Lucas"), Shane Walters ("Walters"), and Travis Lindsay ("Lindsay"),[1] Rule 12(b)(6) motion to

---

[1] There appears to be some confusion as to who the Defendants in this case are. Lawrence's response to this motion to dismiss indicates he believes that A. Davis ("Davis") is still a party to this action. Defendants assert that he is not because he was not properly served. Indeed, there is no evidence that Davis was served in the case file. Accordingly, he is not a party to this action. Additionally, Lawrence's complaint includes some allegations directed toward Lieutenant Price. Price was, however, dismissed from this case pursuant to this courts February 5, 2001 order. Price is no longer a party to this action. Finally, Lawrence's complaint also includes some allegations directed toward a Sargeant Nickerson. This is the first time Sargeant Nickerson's name appears in the case file. Sargeant Nickerson was never served. He is not a party to this action. Therefore, the only Defendants in this case are the individuals listed above.



dismiss pro se Plaintiff LaSharr Lawrence ("Lawrence")[2] complaint. For the reasons set forth below, the motion to dismiss is denied.

## BACKGROUND

The following alleged facts are taken from Lawrence's amended complaint, which the court is obligated to accept as true for the purposes of this Rule 12(b)(6) motion to dismiss. On June 25, 2000, Lawrence, an inmate at Stateville Correctional Center, was moved from his assigned housing unit to the segregation unit. On his way to the segregation unit, Lawrence was taken to a shakedown room. He was accompanied by the Defendants.

Shortly after the group entered the shakedown room, the Defendants ordered Lawrence to cuff up. Lawrence asked why he had to cuff up and asked to speak with higher authorities. He alleges that Defendants responded to his requests with physical aggression. Specifically, he alleges that Defendant Walter punched him in the face causing him to hit his head on the wall and fall to the ground. He further alleges that Defendants Lindsay and Lucas then picked him up and held him while Walter repeatedly punched and kicked him. Lawrence was unconscious during part of this

---

[2] It is not clear if the plaintiff's name is LaSharr Lawrence or Lawrence LaSharr. The case file contains documents where both versions of the name are used, and documents where the spelling of LaSharr varies. Having reviewed the case file, the court concludes that it appears the proper name is LaSharr Lawrence and therefore refers to plaintiff by that name.

incident. As a result of this incident, Lawrence sustained a number of injuries to his face and body. He claims to suffer from fear, trauma, migraine headaches, weight loss, and loss of sleep.

Based on this incident, Lawrence filed a complaint under Title 42 Section 1983 of the United States Code in November 2000. That complaint, and a subsequent amended complaint filed on January 3, 2001, have been superseded by Lawrence's Second Amended Complaint, filed on March 2, 2001. In his Second Amended Complaint, Lawrence brings an excessive force claim. He seeks compensatory and punitive damages.

## LEGAL STANDARD

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the sufficiency of the complaint, not to decide the merits of the case. Triad Assoc., Inc. v. Chicago Housing Auth., 892 F.2d 583, 586 (7th Cir. 1989). In ruling on a motion to dismiss, the court must first construe the complaint's allegations in the light most favorable to the plaintiff and all well-pleaded facts and allegations in the plaintiff's complaint must be taken as true. Bontkowski v. First Nat'l Bank of Cicero, 998 F.2d 459, 461 (7th Cir. 1993). The allegations of a complaint should not be dismissed for failure to state a claim "unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v.

Gibson, 355 U.S. 41, 45-46 (1957); see also Hartford Fire Ins. Co. v. California, 509 U.S. 764 (1993); Sherwin Manor Nursing Ctr., Inc. v. McAuliffe, 37 F.3d 1216, 1219 (7th Cir. 1994). Nonetheless, in order to withstand a motion to dismiss, a complaint must allege facts sufficiently setting forth the essential elements of the cause of action. Lucien v. Preiner, 967 F.2d 1166, 1168 (7th Cir. 1992).

In reviewing a Rule 12(b)(6) motion to dismiss for failure to state a claim, the court is limited to the allegations contained in the pleadings themselves. Documents incorporated by reference into the pleadings and documents attached to the pleadings as exhibits are considered part of the pleadings for all purposes. Fed.R. Civ.P. 10(c). IN addition, "documents that a defendant attaches to a motion to dismiss are considered a part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim." Venture Assoc. Corp. v. Zenith Data Sys. Corp., 987 F.2d 429, 431 (7th Cir. 1993). With these principles in mind, the court turns to the instant motion.

## DISCUSSION

In support of their motion to dismiss Lawrence's Second Amended Complaint, Defendants argue that, based on the United States Supreme Court's decisions in Heck v. Humphrey, 512 U.S. 477 (1994), and Edwards v. Balisok, 520 U.S. 641 (1997),

Lawrence lacks standing to sue under Section 1983.[3] Defendants base this argument on allegations Lawrence made in his First Amended Complaint regarding loss of "time." See Def. Brief pp. 3-4. They argue that, because Lawrence alleged a disciplinary decision reducing his good conduct credit in his prior complaint, he must challenge that disciplinary decision by means other than Section 1983; i.e., by way of a habeas petition or a declaration of invalidity by a state tribunal. See Heck, 512 U.S. at 477; Balisok, 520 U.S. at 641; DeWalt v. Carter, 224 F.3d 607 (7th Cir. 2000).

Defendants cannot move to dismiss Lawrence's Second Amended Complaint by relying on allegations he made in a prior complaint. "It is well established that an amended complaint supersedes [a prior] complaint." Kelley v. Crosfield Catalysts, 135 F.3d 1202, 1204 (7th Cir. 1998). In other words, an amended complaint "completely eliminates the original complaint from the instant litigation." Laborer's Pension Fund v. Leopardo Const., 139 F.R.D. 634 (N.D. Ill 1991) (quoting Tasner v. Billera, 379 F. Supp. 809, 824 n. 3 (N.D. Ill. 1974)). Facts not restated in the amended pleading become *functus officio*. Kelley, 135 F.3d at 1204. As such, the court may not consider them on a motion to dismiss an amended complaint for failure to state a claim. Kelley, 135 F.3d at 1204; see Prymer v. Ogden, 29 F.3d 1208, 1215 n. 6 (7th Cir. 1994);

---

[3] Defendants also base their argument on dicta in a case decided by Judge Gottschall. Handy v. Johnson, 1999 U.S. Dist. LEXIS 9130 (N.D. Ill. 1999).

Schmidt v. Nissan Motor Acceptance Corp., 104 F. Supp.2d 955 (N.D. Ill. 2000); Smith v. Campagna, 1996 WL 364770, at *2 (N.D. Ill. June 26, 1996); Turner-El v. Illinois Bd. of Educ., 1996 WL 480341 (N.D. Ill. Aug. 21, 1996); Wynn v. Cooper, 1993 WL 398605, at *5 (N.D. Ill. Oct. 6, 1993). Here, Lawrence has not restated the allegations in his prior complaint regarding time in his Second Amended Complaint. Therefore, the Court must reject Defendant's argument in support of its motion to dismiss.

Because Defendants raise no other arguments in support of their motion to dismiss, the Court *sua sponte* considers whether Lawrence's Second Amended Complaint sufficiently states a claim for excessive force under the Eighth Amendment. See 28 U.S.C. § 1915(e)(2)(B)(ii); 42 U.S.C. § 1997e(c)(1). The use of excessive force by prison guards against an inmate without penological justification constitutes cruel and unusual punishment in violation of Eighth Amendment. See Hudson v. McMillian, 503 U.S. 1, 9 (1992). The core judicial inquiry is "whether the force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically for the very purpose of causing harm." Hudson, 503 U.S. at 6. Relevant factors in determining whether the force was excessive include the nature and extent of the harm, the need for force, the threat to safety of staff and inmates, and the extent of the injury inflicted on the inmate. Lunsford v. Bennett, 17 F.3d 1574, 1581 (7th Cir.

1994). The prohibition against cruel and unusual punishment necessarily excludes *de minimis* uses of physical force. Hudson, 503 U.S. at 9-10. In this case, Lawrence alleges an unprovoked beating by prison guards, not a *de minimis* use of force. He further alleges that this use of force was deliberate and excessive. The court therefore finds that he has sufficiently stated a claim for excessive force under the Eight Amendment. See Latiker v. Carter, 1999 WL 1252137 (N.D. Ill. Dec. 20 1999).

The court notes that, in his response to Defendants' motion, Lawrence raises facts seemingly pertaining to a claim that his procedural due process rights were violated during the Adjustment Committee hearing regarding the alleged incident of excessive force. His Second Amended Complaint, however, does not allege such a procedural due process claim. As such, these facts are outside the reach of his complaint. The court surmises that Lawrence raises these facts in an attempt to address the Defendant's argument regarding "time" taken from Lawrence. Because we have already concluded that that argument is inappropriate as to the current complaint, we do not consider the facts Lawrence raises in response to it.

Finally, the Prison Litigation Reform Act ("PLRA") requires prisoners to exhaust "such administrative remedies as are available" before suing over prison conditions under Section 1983. Booth v. C.O. Churner, 532 U.S. 731 (2001). A prisoner's claim under Section 1983 will be dismissed if the exhaustion requirement

has not been met. Nash v. Washington, 1999 WL 1251846 (N.D. Ill. Dec. 16, 1999). The United States Supreme Court recently granted certiorari to decide the issue of whether the PLRA's exhaustion requirement applies to claims of excessive force. Porter v. Nussle, 121 S.Ct. 2213 (2001). We note that the outcome in that case may affect the future viability of Lawrence's claim.

## CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss is denied. Lawrence may proceed with his excessive force claim.

*Charles P. Kocoras*

Charles P. Kocoras
United States District Judge

Dated: December 4, 2001